UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07434-SVW-PLA | Date | 1/19/2022 |
|---|---|---|---|
| Title | *Anatoly Sharij v. Nicholas James Vujicic* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING SPECIAL MOTION TO STRIKE [25]

### I. Introduction

Before the Court is a special motion to strike brought under California's Anti-SLAPP laws. For the reasons below, the motion is granted.

### II. Background

Plaintiff Anatoly Sharij brought a defamation suit in California state court against Defendant Nicholas Vujicic. Compl. ¶¶ 20-35, ECF No. 1-1. Sharij is a well-known Ukrainian blogger and political activist who alleges that he was forced to seek asylum in the European Union due to his criticism of the Ukrainian government. *Id.* ¶¶ 4-5. Vujicic is a well-known motivational speaker with a large following on social media, including in Ukraine, where he has traveled to speak on several occasions. *Id.* ¶ 6; Mot. to Strike, Vujicic Decl. ¶¶ 2-7, ECF No. 25-1.

In 2020, Sharij shared portions of a video in which Vujicic praised Sharij for "trying to encourage other people and helping others not to be afraid." Compl. ¶ 7. Vujicic later posted another video which Sharij alleges was defamatory in that it falsely claimed that Sharij deceived Vujicic. *Id.* ¶ 8. Specifically, Sharij alleges that "Vujicic stated that Vujicic was 'misinformed by Anatoly Sharij' and stated that the Praise Video was 'politically used and leveraged' by Sharij." *Id.*

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07434-SVW-PLA | Date | 1/19/2022 |
|---|---|---|---|
| Title | *Anatoly Sharij v. Nicholas James Vujicic* | | |

Sharij filed a pro se suit in state court alleging claims of defamation per se and defamation against Vujicic. *Id.* ¶¶ 20-35. Sharij later obtained counsel and filed an amended complaint that instead alleged claims of defamation per se and false light. First Am. Compl. ¶¶ 5-16, ECF No. 1-2 ("FAC"). Vujicic removed the case to federal court and filed this special motion to strike under California's Anti-Strategic Lawsuit Against Public Participation (Anti-SLAPP) law, codified at Cal. Civ. Proc. Code § 425.16.

### III.     Legal Standards on Anti-SLAPP Motion

As an initial matter, the Court must determine how to resolve Defendant's motion. The Court notes that both parties have been especially unhelpful in this endeavor, as explained below.

To begin, "[t]he degree to which [California's] anti-SLAPP provisions are consistent with the Federal Rules of Civil Procedure has been hotly disputed." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018). Portions of the Anti-SLAPP law are inapplicable in federal court and, to avoid a "direct collision" between other provisions of the statute and the Federal Rules, motions are reviewed under different standards depending on the motion's basis. *Id.*; *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021). Anti-SLAPP motions in federal court thus fall into two categories: "motions that challenge the legal sufficiency of complaints and motions that challenge the factual sufficiency of complaints." *Maddow*, 8 F.4th at 1156. The former are evaluated under a Rule 12 motion to dismiss framework; the latter are evaluated under a Rule 56 motion for summary judgment framework. *Id.*

Here, Defendant did not explicitly indicate whether its motion seeks to challenge legal sufficiency under Rule 12 or factual sufficiency under Rule 56 – indeed, it did not even acknowledge this dichotomy in how federal courts analyze Anti-SLAPP motions. And from the substance of Defendant's motion, it appears that Defendant challenges both:

> "The First Amended Complaint, however, is not supported by any, let alone sufficient, showing of facts that would sustain Sharij's causes of action. Furthermore, when considered in conjunction with Vujicic's evidence, Sharij cannot make a sufficient factual

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07434-SVW-PLA | Date | 1/19/2022 |
|---|---|---|---|
| Title | *Anatoly Sharij v. Nicholas James Vujicic* | | |

showing for either the defamation per se or false light publicity cause of action."

Mot. to Strike 1, ECF No. 25 ("MTS"). Defendant's motion thus sounds both in a challenge to the legal sufficiency and factual sufficiency of Plaintiff's claims.

If evaluated as a challenge to the legal sufficiency of Plaintiff's complaint, there is no doubt that dismissal under Rule 12(b)(6) would be warranted here. For reasons that the Court cannot grasp, Plaintiff's First Amended Complaint ("FAC") – which is a scant two pages – omits *all* of the relevant factual allegations from the original Complaint except the cursory statement, "This matter concerns the egregious defamation of an acclaimed Ukrainian journalist. Without any basis in fact, defendant Nicholas Vujicic ('Defendant') stated on Facebook that Sharij committed fraud." FAC ¶ 1. The rest of the FAC contains nothing more than conclusory pleadings of its two causes of action. *See generally* FAC.

This "formulaic recitation of the elements of a cause of action," devoid of any supporting factual detail, is obviously legally insufficient and subject to dismissal under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As Defendant correctly notes, an amended pleading completely supersedes the original pleading, so the factual allegations in the original complaint were not incorporated into the FAC and were no longer operative. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Thus, the operative FAC and its single, vague factual allegation would be subject to dismissal.

Additionally, dismissal would also be warranted because Plaintiff failed to file any opposition to Defendant's motion.[1] A party's failure to file an opposition to any motion except one pursuant to Rule 56 may be deemed as consent to the granting of the motion. L.R. 7-12.

---

[1] Indeed, rather than file an opposition, Plaintiff instead filed a notice of purported settlement. ECF No. 27. Defendant responded, contesting the notion that the parties had settled. ECF No. 28. The Court ordered the parties to further confer and file a joint status report within 10 days. ECF No. 30. Plaintiff then filed a unilateral response that again suggested that there was an "agreement" between the parties but whose very attachments included emails from defense counsel that stated blankly "we do not have a settlement agreement on this matter." Resp., ECF No. 31; *id.*, Ex. A, ECF No. 31-1. Defendant did not join in the filing of the response, nor did it submit its own statement, despite the Court's order to *jointly* respond. *See* ECF No. 30. Clearly the parties have not reached a settlement agreement, though plaintiff's counsel still apparently believes otherwise.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07434-SVW-PLA | Date | 1/19/2022 |
| Title | *Anatoly Sharij v. Nicholas James Vujicic* | | |

Ultimately however, rather than dismiss Plaintiff's plainly deficient FAC and grant leave to amend so that Plaintiff may include the factual allegations from the original Complaint, considerations of judicial economy counsel in favor of evaluating Defendant's motion as one challenging the factual sufficiency under a Rule 56 summary judgment motion.

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

Summary judgment applied to an Anti-SLAPP context involves a two-step inquiry. *Maddow*, 8 F.4th at 1155. First, the defendant must show "that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." *Id.* (quoting *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013)). If so, then the plaintiff must show a reasonable probability that it will prevail on its claim. *Id.* A court must grant the motion when "no reasonable jury could find for the plaintiff." *Id.* (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001)). Because the purpose of the Anti-SLAPP statute is to promote "early dismissal of meritless [F]irst [A]mendment cases," courts are instructed to construe the state broadly. *Id.* (quotations and citations omitted).

While the Court may not enter summary judgment against Plaintiff solely on the basis that no opposition papers were filed, an unopposed summary judgment motion may be granted where the claim is one that is "properly disposed of" on summary judgment and the moving papers are sufficient to support that motion and do not reveal a genuine issue of material fact on their face. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07434-SVW-PLA | Date | 1/19/2022 |
| Title | *Anatoly Sharij v. Nicholas James Vujicic* | | |

### IV. Application

The Court concludes that Defendant's Anti-SLAPP motion must be granted because Plaintiff's suit arises out of an act in furtherance of Defendant's right to free speech and Plaintiff cannot show a reasonable probability that he will prevail.

#### A. Act in Furtherance of Defendant's Right to Speech

Here, Plaintiff's suit clearly arises from an act in furtherance of Defendant's First Amendment rights. *See* Cal. Civ. Proc. Code § 425.16(b)(1). The statute enumerates four categories of conduct that satisfy this prong:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or
> (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

*Id*. § 425.16(e). Here, there is no dispute that the alleged defamatory conduct was the video Defendant posted on his Facebook platform. Compl. ¶ 8; MTS Vujicic Decl. ¶ 27. Defendant posting a video on a publicly available webpage where information is routinely exchanged constitutes an oral statement made in a public forum. *See* Cal. Civ. Proc. Code § 425.16(e)(3); *Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 29 Cal. Rptr. 3d 521, 536 (Cal. Ct. App. 2005). Further, an "issue of public interest" is broadly construed as any matter in which the public is interested, a definition Defendant's video meets since it concerns two well-known personalities. *See Nygard, Inc. v. Uusi-Kerttula*, 72 Cal. Rptr. 3d 210, 220-21 (Cal. Ct. App. 2008). Thus, because the wrongful conduct charged in Plaintiff's suit was Defendant's oral statement in a public forum on a matter of public

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07434-SVW-PLA | Date | 1/19/2022 |
|---|---|---|---|
| Title | *Anatoly Sharij v. Nicholas James Vujicic* | | |

interest, the suit arises from an act in furtherance of Defendant's First Amendment rights. *See* Cal. Civ. Proc. Code §§ 425.16(b)(1), (e)(3).

### B. Reasonable Probability Plaintiff Will Prevail

As for the second prong, the Court concludes that Plaintiff cannot prevail on his defamation per se or false light claim because he cannot show that Defendant's statement was false.

To prove a defamation per se claim, a plaintiff must show that the alleged defamatory statement was false. Cal. Civ. Code § 46. However, for a defendant to show that their statement was true, "[i]t is well settled that a defendant is not required in an action of libel to justify every word of the alleged defamatory matter." *Gilbert v. Sykes*, 53 Cal. Rptr. 3d 752, 765 (Cal. Ct. App. 2007) (quotations and citations omitted). The falsity inquiry focuses on "the substance, the gist, the sting of the libelous charge." *Id.* "[A] slight inaccuracy in the details will not prevent a judgment for the defendant, if the inaccuracy does not change the complexion of the affair so as to affect the reader of the article differently." *Id.*

Here, the original video in which Defendant praised Plaintiff for "tying to encourage other people with helping others not to be afraid" arose from a request via Cameo, an app and website where users can pay to submit requests for celebrities and other well-known personalities to film short, personalized video messages. Compl. ¶ 7-8; MTS, Vujicic Decl. ¶¶ 8-11. A user named 'Ju' submitted a Cameo request to Defendant, asking him to record a video message praising and encouraging Plaintiff. MTS, Vujicic Decl. ¶¶ 10-11. Defendant fulfilled the request and recorded a video in which he said the following:

> Anatoly Sharij! It's Nick Vujicic here and I've heard about your blog and that you're trying to encourage other people with helping others to not be afraid. I just want you to know keep on going. Someone by the name of "Ju" loves what you're doing, and they admire you and there are many more people than you think who are actually being encouraged by things you are giving out positively out to the world and I just want you to never give up in your life and to know that you are awesome just the way that you are. I may not know who you are, I haven't seen your blogs personally I just want you to know

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07434-SVW-PLA | Date | 1/19/2022 |
|---|---|---|---|
| Title | *Anatoly Sharij v. Nicholas James Vujicic* | | |

that anyone who's trying to bring encouragement into the world, inspires someone. And Ju has been inspired by you and wanted me to encourage you along the way to keep on going, never give up, and in this time of Covid-19 and sometimes feeling alone and isolated it can get depressing pretty easily and I just want you to know to take perspective. During this time, you are going to get through this and we are going to learn what we need to learn through this and I think we'll become stronger and wiser on the other side. Love you Mr. Sharij, love you so much. Sorry if I am not saying your last name correctly but Anatoly, I love you so much and hope you've been encouraged by this message. Take care, bye bye.

*Id.* ¶¶ 14-15.

Plaintiff then posted segments from this video on his own social media accounts. *Id.* ¶ 16; Compl. ¶ 7. However, Plaintiff did not post the full video in its entirety, but rather a version that was edited as follows:[2]

Anatoly Sharij! It's Nick Vujicic here and I've heard about your blog and that you're trying to encourage other people with helping others to not be afraid. I just want you to know keep on going. [. . .] there are many more people than you think who are actually being encouraged by things you are giving out positively out to the world and I just want you to never give up in your life and to know that you are awesome just the way that you are. [. . .] I just want you to know that anyone who's trying to bring encouragement into the world, inspires someone. And Ju has been inspired by you and wanted me to encourage you along the way to keep on going, never give up, and in this time of Covid-19 and sometimes feeling alone and isolated it can get depressing pretty easily and I just want you to know to take perspective. During this time, you are going to get through this and we are going to learn what we need to learn through this and I think we'll become stronger and wiser on the other side. Love you Mr. Sharij, love you so much. Sorry if I am not saying your last name correctly but Anatoly, I love you so much and hope you've been encouraged by this message.

---

[2] Ellipses indicated omission from the original video.

Initials of Preparer          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07434-SVW-PLA | Date | 1/19/2022 |
|---|---|---|---|
| Title | *Anatoly Sharij v. Nicholas James Vujicic* | | |

MTS, Vujicic Decl. ¶ 17. Thus, the edited video omitted portions of the original video in which Defendant (a) suggested that 'Ju' was responsible for the video request, and (b) indicated that he was not familiar with Plaintiff or his blogs. The edited video also removed the Cameo watermark, which attributes videos to the platform. *Id.* ¶ 18.

Given that Plaintiff has advocated some controversial political views, such as criticisms of the Ukrainian government that led him to seek asylum, after the edited video was published, many of Defendant's social media followers criticized him for what they perceived to be as Defendant's endorsement of Plaintiff and his views. *Id.* ¶ 22. Thus, Defendant decided to make the apology video which Plaintiff claims was defamatory. *Id.* ¶ 27; Compl. ¶ 8. In the apology video, Defendant states:

> I want to apologize to those of you who can probably tell I was misinformed by Anatoly Sharij. Anatoly Sharij please take the video down. The Cameo was really unfortunate and I did not know that anything I would do would be politically used and leveraged. I am sorry for me being misinformed and I apologize for anyone who got offended by this misinformation.

MTS, Vujicic Decl. ¶ 27. Plaintiff asserts that this apology video was defamatory because it (a) falsely stated that he "politically used and leveraged" the Cameo video, and (b) falsely stated that he "misinformed" Defendant." Compl. ¶¶ 9-16.[3] However, the Court concludes that neither of these are false statements.

First, Defendant never expressly states that *Plaintiff* "politically used and leveraged" Defendant's Cameo video. In the apology video, Defendant said, "I did not know that anything I would do would be politically used and leveraged" without specifying by whom. MTS, Vujicic Decl. ¶ 27. And even if Defendant *did* intend to attribute this conduct to Plaintiff, it still would not be false because Plaintiff *did* use and leverage the Cameo Video for his own benefit. Plaintiff posted segments from the video on his own social media accounts, seeking to promote user engagement with his content and bolster his own

---

[3] Plaintiff's amended complaint states that Defendant accused him of "commit[ing] fraud." FAC ¶ 1. Defendant never uses the term 'fraud' in the apology video, so Plaintiff's invocation of the term 'fraud' seems to be a general characterization of these two specific statements from the apology video. *See* MTS, Vujicic Decl. ¶ 27.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07434-SVW-PLA | Date | 1/19/2022 |
|---|---|---|---|
| Title | *Anatoly Sharij v. Nicholas James Vujicic* | | |

reputation through Defendant's video praising and encouraging him and his work. *See id.* ¶¶ 15-18. Accordingly, this does not amount to a false statement that is actionable in defamation.

The Court similarly concludes that the second statement does not amount to a false statement. It is true that Defendant stated, "I was misinformed by Anatoly Sharij," in the apology video, when it appears that Plaintiff never provided any information to Defendant, nor contacted him in any way.[4] However, Defendant is not required "to justify every word of the alleged defamatory matter." *See Gilbert*, 53 Cal. Rptr. 3d at 765 (quotations and citations omitted). The "substance" or "gist" of Defendant's statement is that Plaintiff had posted a selectively edited version of the Cameo video. *See id.* And the "gist" of that statement is true – Plaintiff posted a video which (a) removed the Cameo watermark, (b) removed a reference suggesting that 'Ju' had requested the Cameo, and (c) removed a statement that Defendant was not familiar with Plaintiff or his blogs. *See* MTS, Vujicic Decl. ¶¶ 17-20. Plaintiff's edits removed important context that would have indicated to viewers that Defendant was not personally familiar with Plaintiff or his blogs, but rather made the video to fulfill a Cameo request from 'Ju,' which asked that he praise and encourage Plaintiff and his work. *See Gilbert*, 53 Cal. Rptr. 3d at 765 (quotations and citations omitted); MTS, Vujicic Decl. ¶¶ 10-21. While a more accurate word choice may have been that Defendant was 'mischaracterized' by Plaintiff – rather than 'misinformed' – that "slight inaccuracy" does not ultimately "change the complexion of the affair" so as to affect the viewer differently and thus does not make Defendant's statement false and defamatory. *See Gilbert*, 53 Cal. Rptr. 3d at 765; *see also* Cal. Civ. Proc. Code § 425.16(a) (mandating that Anti-SLAPP statute "be construed broadly").

Thus, Plaintiff's defamation per se claim fails because the allegedly defamatory apology video does not contain any actionable false statement. For essentially the same reason, Plaintiff's false light claim also fails.

"When a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action." *Eisenberg v. Alameda Newspapers, Inc.*, 88 Cal. Rptr. 2d 802, 823 n. 13 (Cal. Ct. App. 1999). Accordingly, defeating an Anti-SLAPP motion on a false light claim requires the plaintiff demonstrate a

---

[4] The true identity of 'Ju', the user who submitted the Cameo request, appears to be unknown. *See* MTS, Vujicic Decl. ¶ 12.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07434-SVW-PLA | Date | 1/19/2022 |
| Title | *Anatoly Sharij v. Nicholas James Vujicic* | | |

reasonable probability that it can prove a statement that was "actually false or create[d] a false impression." *De Havilland v. FX Networks, LLC*, 230 Cal. Rptr. 3d 625, 642-43 (Cal. Ct. App. 2018). Thus, for the same reasons just discussed, Plaintiff's false light claim also fails because Plaintiff cannot point to anything in the apology video that was false or created a false impression. *See id.*; *Eisenberg*, 88 Cal. Rptr. 2d at 823 n. 13.

In sum, the lack of a false statement is fatal to both of Plaintiff's claims. Because Plaintiff therefore cannot demonstrate a reasonable probability of success on his claims, which arise from Defendant's exercise of his First Amendment rights, the Anti-SLAPP motion must be granted.

**V.     Conclusion**

For the foregoing reasons, Defendant's special motion to strike is GRANTED and Plaintiff's claims are DISMISSED with prejudice.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |